*37 The
Cmsf Justice
delivered tho opinion of ihe court
To one of the breaches of the condition of the writing obligaory in this cause, which is an action upon an administration bond, he defendants who arc the executors of one oi the sureties of the administrator, have demurred. The breach is in the following words ; “ that heretofore to wit, on the 1st day of March A- O 1822, at Salem, in the county of Salem aforesaid, the said Joseph Wright, made and exhibited to the Surrogate of the said comity, an account of his administration of the goods, chattels and credits, which had then come to his hands as administrator oí the said Mining Hill, deceased,-who was testamentary guardian of George Snitcher, Henry S. John S. Sarah S. Margaret S. and Isaac S. children of Henry Snitcher, deceased» And the said I. II W. ordinary, 8ae. farther saith that afterwards So wit, at the term of September, in the year last aforesaid, at Salem aforesaid, the said account after being corrected anti amended, upon examination by the said judges of tho Orphans* Court of the said county, was by their decree allowed. And the said T. II. W. ordinary, Syc. farther saith that the rest and residue of the said goods, chattels and credits, remaining upon the said account, so made and exhibited and examined and allowed Iiy the said judges of the said Orphans* Court, amount to the sum of $771.88, to wit, at Salem aforesaid, in the county aforesaid. And tho said I. II. W. ordinary, ike. further avers, that tho said Henry Snitcher, Isaac S. John S. George S, Thomas Paterson and Sarah his wife, late Sarah S. and George Kirk and Margaret his wife, late Margaret S. are the persons entitled by law to receive the said rest and residue of the said goods, chattels and credits, so remaining as aforesaid. 'Ye! the said Joseph Wright, although often requested so to do, hath not yet paid or delivered the same, or any part thereof to the said Henry Snitcher, &c. or any of them, but hath therein wholly failed, &c.’s
By the condition of the administration bond, the administrator is required well and truly to administer according to law, all the goods, chattels and credits of ihe deceased, which shall come into his hands, possession or knowledge, or into die hands or possession of any other person or persons for him j and farther, to “ make or cause to be made, a just and true account. of his administration, within twelve calendar months from *38 the date of too obligation, and all the rest and residue of the said goods, chattels and credits, which shall he found remaining nP‘in l*le acemmt of the said administration, the sarr^ being first examined and allowed of by the judges of the Orphans5 Court of the county or other competent authority, shall deliver and pay unto such person or persons respectively, as is, are or shall, by law be entitled to receive the same.”
The question presented by tbe demurrer, whether the breach is well assigned, depends on the enquiry whether the account, mentioned in the breach, the balance of which has not been paid over to the persons entitled to receive it is the same account which is meant and mentioned in the condition of the bond. Now the administration mentioned in the bond, is a general administration of the estate of the decedent, and the account intended is, of course, an account of that administration. But the account, and administration mentioned in the breach, are of the goods, chatties and credits which had come to the hands of Joseph Wright, as administrator of Vining Hill, who was testamentary guardian of certain persons of the name of Sniteber. The goods, chattels, and credits, mentioned in the breach, are not the goods, chattels, and credits, of Vining Hill, hut "hose of the Snitchcrs, to whom Hill had been guardian, which name into the hands of Wright. However just and proper then it may bo that Wright should account to the Snitrhers, for whatever of their goods, chattels and credits he may in any cnp-mity have received, yet it is abundantly clear, that the accou'-t. mentioned in the bond and in the breach are not the same, and the latter cannot therefore be within the scope of the bond.
Again, it is clear that for the goods, chattels and credits mentioned in the breach, neither the law nor the condition of the bond, ever intended to impose a responsibility on the sureties of tiie administrator. Hill was the testamentary guardian of George Snitcher and others. After his decease, Wright erroneously supposing, that as the administrator of Hill, he became also the guardian of the Suitc.hers, acted in their affairs, and their goods, chatties and credits catne into his hands, of which the account mentioned in the breach was made, and front which the balance was due. According to the language of the broach it is his administration, the administration of Wright, not ;tio administration of Hill, as guardian. The goods and chattels-, *39 i ¡ame not into the hands of Hill as guardian, huí of Wright, after the decease of Hi!!. Hut it is certain that Wright tiad no authority to act as the guardian of tho Snitchers. Nor could his mistake in thus acting in the Slightest degree, enlarge the extent of his betsd or increase the responsibility of his sureties. The liability to tho sureties of Wright, as administrator for their property, which may have come into tho hands of Hill, as their guardian in his life time, is not hero brought into view. The goods and chattels in question never came into the hands of Hill, but after his decease, into tho hands of Wright, under his unauthorised assumption of the powers of guardian, Such being the ease, the admiuistraiion bond does not reach them.
The breach is not well assigned. The demurrer should lx; .'sustained, and judgment on it should bo rendered for tho dr, - fondants,